Linda Holman
**25TH DISTRICT COURT**
400 SPRING STREET, RM 103
COLUMBUS, TX 78934



**ATTORNEY FOR PLAINTIFF(s)**
NHAN NGUYEN, MD, JD
2500 WEST LOOP SOUTH, STE 340
HOUSTON, TX 77027

## REGULAR CITATION

## RETURN

**THE STATE OF TEXAS**

TO: A1 LOGISTICS, LLC
C/O its registered agent, ALEX CERVANTES
1453 Stanislaus Drive
Chula Vista, CA 91913

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 25th DISTRICT COURT of Colorado County, Texas. Said petition was filed on 24th day of June, 2022 in this case, numbered 26208 on the docket of said Court, and styled,

TAIZ L. TRINIDAD BUSTAMANTE, VICTOR MANUEL GOMEZ MERCADO AND YUNIER DULIET ELIAS
VS.
DAVID CAMERA-GARCIA, A1 LOGISTICS, LLC, AND USMEX TRUCKING, INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Columbus, Texas this the 20th day of July 2022.

Date delivered:

**LINDA HOLMAN, District Clerk**
25TH DISTRICT COURT
Colorado County, Texas

By: _____ Deputy

**OFFICER'S RETURN**

26208        25TH DISTRICT COURT
TAIZ L TRINIDAD BUSTAMANTE, VICTOR MANUEL GOMEZ MERCADO AND YUNIER DULIET ELIAS VS.
DAVID CAMERA-GARCIA, AI LOGISTICS, LLC, AND USMEX TRUCKING, INC.
**ADDRESS FOR SERVICE:**
**1453 STANISLAUS DRIVE; CHULA VISTA 91913**

Came to hand on the ____ day of _____, 20 ____ at _____ o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION, at the following times and places, to wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy   $_____
Total                                     $_____

_____, Officer

_____, County Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
          (First, Middle, Last)

_____
(Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id# & expiration of certification)

Filed: 6/24/2022 3:05 PM
Linda Holman
District Clerk
Colorado County, Texas
Chris Girndt

CAUSE NO. 26208

| | | |
|---|---|---|
| TAIZ L. TRINIDAD BUSTAMANTE, | § | IN THE DISTRICT COURT OF |
| VICTOR MANUEL GOMEZ MERCADO, | § | |
| and YUNIER DULIET ELIAS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| VS. | § | |
| | § | COLORADO COUNTY, TEXAS |
| DAVID CAMERA-GARCIA; | § | |
| AI LOGISTICS, LLC; and | § | |
| USMEX TRUCKING, INC., | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs TAIZ L. TRINIDAD BUSTAMANTE, VICTOR MANUEL GOMEZ MERCADO, and YUNIER DULIET ELIAS (collectively, the "Plaintiffs") complain of Defendants DAVID CAMERA-GARCIA; AI LOGISTICS, LLC; and USMEX TRUCKING, INC. (collectively, the "Defendants"), and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2. Plaintiffs Taiz L. Trinidad Bustamante and Victor Manuel Gomez Mercado are residents of Harris County, Texas. Plaintiff Yunier Duliet Elias is a resident of Fort Bend County, Texas.

3. Defendant DAVID CAMERA-GARCIA is an individual who may be served with process at his place of employment, AI Logistics, LLC, 1453 Stanislaus Drive, Chula Vista 91913, or at his place of residence, Benito Juarez 14, Jose Sandoval, 22015 Tijuana, Mexico.

4. Defendant AI LOGISTICS, LLC is a California limited liability company that may be served with process by serving its registered agent, Alex Cervantes, 1453 Stanislaus Drive, Chula Vista

91913.

5.  Defendant USMEX TRUCKING, INC. is a California corporation that may be served with process by serving its registered agent, LegalZoom.Com, Inc., 101 North Brand Boulevard, 11th Floor, Glendale, California 91203.

### III. JURISDICTION

6.  The amount in controversy is within the jurisdictional limits of this Court. In addition, the incident in question whereby Plaintiffs were injured occurred in Colorado County, Texas. Thus, jurisdiction in this Court is proper. The facts supporting jurisdiction are presented in the *Facts* section of this Petition, which is incorporated herein.

### IV. VENUE

7.  The incident giving rise to Plaintiffs' injuries occurred in Colorado County, Texas. Thus, venue is proper. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). The facts supporting venue are presented in the *Facts* section of this Petition, which is incorporated herein.

### V. MISNOMER/ALTER EGO

8.  In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### VI. REQUEST PURSUANT TO RULE 28

9.  To the extent that Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand that, upon answer to this petition, Defendants answer in their correct legal and assumed names.

## VII. FACTS

10. This lawsuit arises from a motor vehicle collision that occurred in Colorado County, Texas. On the evening of April 26, 2022, Plaintiff Taiz L. Trinidad Bustamante was traveling westbound on IH-10 in Colorado County, Texas. Plaintiffs Victor Manuel Gomez Mercado and Yunier Duliet Elias were passengers in the vehicle. Suddenly and without any warning, an International tractor-trailer driven by Defendant David Camera-Garcia ("Camera-Garcia") crashed into the back of Plaintiffs' vehicle (the "Collision"). This is a clear case of Defendant Camera-Garcia's inattention and failure to control speed, which resulted in Plaintiffs' damages. The police report provides as follows:

| Unit Num. | 5 Unit Desc. | Parked Vehicle | Hit and Run | LP State | LP Num. | VIN | 7 Body Style | Pol, Fire, EMS on Emergency Explain in Narrative if checked |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | ☐ | ☐ | CA | YP50773 | 3HSDZAPR9JH4117022 | TT | ☐ |
| Veh. Year | 6. Veh. Color | Veh. Make | | | | Veh. Model | | |
| 2018 | RED | INTERNATIONAL | | | | UNKNOWN | | |
| 8 DL/ID Type | DL/ID State | DL/ID Num. | | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) | |
| 2 | MX | BCN0219729 | | 98 | 98 | 98 | 06/16/1991 | |

Address (Street, City, State, ZIP): BENITO JUAREZ 14 TIJUANA, MX 22680

| Person Num. | 12 Prin. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | CAMERA-GARCIA, DAVID | N | 30 | H | 1 | 1 | 1 | 97 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee   Owner/Lessee Name & Address: AI LOGISTICS LLC, 1453 STANISLAUS DR CHULA VISTA, CA 91913

| Unit Num. | 5 Unit Desc. | Parked Vehicle | Hit and Run | LP State | LP Num. | VIN | 7 Body Style | Pol, Fire, EMS on Emergency Explain in Narrative if checked |
|---|---|---|---|---|---|---|---|---|
| 2 | 6 | ☐ | ☐ | CA | 4NN2071 | 1JJV5321W51L65802 1 | TL | ☐ |
| Veh. Year | 6. Veh. Color | Veh. Make | | | | Veh. Model | | |
| 2001 | BLU | WABASH NATIONAL CORP | | | | UNKNOWN | | |
| 8 DL/ID Type | DL/ID State | DL/ID Num. | | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) | |
| | | | | | | | | |

Address (Street, City, State, ZIP):

| Person Num. | 12 Prin. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee   Owner/Lessee Name & Address: US MEX TRUCKING INC, 591 TELEGRAPH CANYON RD, STE. 912, CHULA VISTA, CA 91910



11.     As a result of Defendant Camera-Garcia's negligence, Plaintiffs suffered serious bodily injuries. Since the Collision, their pain has been ongoing.

12.     Plaintiffs sought and received medical treatment immediately after incident in question, and it is clear that their injuries are tied to the Collision. Since the incident in question, Plaintiffs have received substantial medical care from multiple healthcare providers.

13.     Plaintiffs were severely injured in the incident in question. Defendant Camera-Garcia's negligence proximately caused the Collision, and Defendants are liable, jointly and severally, for all damages arising therefrom.

### VIII. CAUSE OF ACTION: NEGLIGENCE CLAIM AGAINST DEFENDANT CAMERA-GARCIA

14.     Defendant Camera-Garcia had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

15.     Plaintiffs' injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

16.     The negligent, careless, and reckless disregard of duty of Defendant Camera-Garcia consisted of, but is not limited to, the following acts and omissions:

- A. In that Camera-Garcia failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Camera-Garcia failed to control the speed of his vehicle as a person of prudent care would have done in violation of the TEXAS TRANSPORTATION CODE;

- C. In that Camera-Garcia failed to turn his vehicle in an effort to avoid the Collision;

- D. In that Camera-Garcia failed to operate a motor vehicle as a person using ordinary prudent care would have done;

- E. In that Camera-Garcia failed to maintain a clear and reasonable distance behind Plaintiffs, which would permit Defendant to bring his vehicle to a safe stop without incident;

- F. In that Camera-Garcia was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

- G. In that Camera Garcia failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

17. Herein, Plaintiffs make negligence claims against Defendant Camera-Garcia.

### IX. CAUSE OF ACTION: GROSS NEGLIGENCE (COMMON LAW AND BY STATUTE) AGAINST DEFENDANT CAMERA-GARCIA

18. Herein, Plaintiffs allege gross negligence against Defendant Camera-Garcia. Camera-Garcia's actions were grossly negligent, in that, when viewed objectively from Camera-Garcia's standpoint at the time of the Incident, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Camera-Garcia acted with malice and/or conscious disregard for human safety by causing this collision.

19. Camera-Garcia was grossly negligent in one or more of the following manners:

- A. In that Camera-Garcia failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Camera-Garcia failed to control the speed of his vehicles as a person of prudent care would have done in violation of the TEXAS TRANSPORTATION CODE;

    C. In that Camera-Garcia failed to turn his vehicle in an effort to avoid the Collision;

    D. In that Camera-Garcia failed to operate a motor vehicle as a person using ordinary prudent care would have done;

    E. In that Camera-Garcia failed to maintain a clear and reasonable distance behind Plaintiffs, which would permit Defendant to bring his vehicle to a safe stop without incident;

    F. In that Camera-Garcia was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    G. In that Camera Garcia failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

20. The acts and omissions of Defendant Camera-Garcia were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. Such conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiffs' injuries, and Plaintiffs' damages. Thus, Plaintiffs are entitled to punitive and/or exemplary damages.

21. Plaintiffs further allege gross negligence for the above-cited reasons against Defendant Camera-Garcia.

### X. CAUSE OF ACTION: NEGLIGENCE *PER SE* AGAINST DEFENDANT CAMERA-GARCIA

22. The Collision, and Plaintiffs' resulting injuries and damages, were proximately caused by the negligence *per se* of Defendant Camera-Garcia. Camera Garcia operated his vehicle in a negligent manner by violating the duty owed to the general public, including the Plaintiffs, to keep a proper lookout, to pay attention to the roadway, and to stop the red light, in accordance with the TEXAS TRANSPORTATION CODE.

### XI. CAUSE OF ACTION: *RESPONDEAT SUPERIOR* CLAIM AGAINST AI LOGISTICS

23. At the time of the Collision, Camera-Garcia was acting in the course and scope of his employment with Defendant AI Logistics, LLC ("AI Logistics") and/or USMEX Trucking, Inc.

("USMEX") and operating a truck owned by AI Logistics. Under the doctrine of *Respondeat Superior,* AI Logistics and USMEX are jointly and severally liable for all acts of Camera-Garcia's negligence.

## XII. JURY DEMAND

24.   Plaintiffs demand a jury trial and hereby tenders the jury fee.

## XIII. PRAYER

25.   Plaintiff TAIZ L. TRINIDAD BUSTAMANTE prays that Defendants DAVID CAMERA-GARCIA; AI LOGISTICS, LLC; and USMEX TRUCKING, INC. be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

   a.   Pain and suffering in the past;
   b.   Pain and suffering in the future;
   c.   Mental anguish in the past;
   d.   Mental anguish in the future;
   e.   Past medical expenses;
   f.   Future medical expenses;
   g.   Physical impairment in the past;
   h.   Physical impairment in the future;
   i.   Physical disfigurement in the past;
   j.   Physical disfigurement in the future;
   k.   Loss of income in the past;
   l.   Loss of income earning capacity in the future;

  m. Pre-judgment interest;

  n. Post-judgment interest;

  o. Exemplary damages; and

  p. Any other damages available under the law (statutory or common law).

26. Herein, in accordance with Texas Rule of Civil Procedure 47, Plaintiffs demand *monetary relief of more than $1,000,000* for their personal injuries that make the basis of this lawsuit.

Respectfully submitted,

THE LAW OFFICE OF NHAN NGUYEN

*/s/ Nhan Nguyen*
Nhan Nguyen
Texas Bar No. 24041589
Nhan@westlooplaw.com
Drew Shirley
Texas Bar No. 00797426
Drew@westlooplaw.com
2500 West Loop South, Suite 340
Houston, Texas 77027
Telephone: 713/840-7200
Telecopier: 713/583-4155
**\*E-Service Email:** eservice@westlooplaw.com
**\*E-Service is only accepted at the above designated e-Service email address**
ATTORNEYS FOR PLAINTIFFS